UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Founders Bank, Plaintiff, <br><br> v. <br><br> CHICAGO TITLE INSURANCE COMPANY, CHICAGO TITLE AND TRUST COMPANY, AND JO JO REAL ESTATE ENTERPRISES, LLC, d/b/a PROPERTY VALUATION SERVICES, Defendants. | Case No. 12-cv-5198 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Defendants Chicago Title Insurance Company and Chicago Title and Trust Company (collectively, "Chicago Title") move to dismiss Counts II, IV, and V of the Federal Deposit Insurance Corporation's ("FDIC") amended complaint. Count II alleges breach of fiduciary duty, Count IV alleges negligent misrepresentation, and Count V alleges negligent hiring/vicarious liability. For the foregoing reasons, Chicago Title's motion is granted in part and denied in part.

**Background**

Founders Bank ("Founders"), a non-party to the present action, was a commercial bank with its principal place of business in Worth, Illinois. In 2005 and early 2006, Founders financed the acquisition and construction of four separate properties in Chicago, Illinois. Chicago Title was the escrow agent and provided insurance services for the four property transactions. On July 2, 2009 the FDIC was appointed as receiver for Founders.

The FDIC brings suit alleging that Chicago Title: (1) breached the parties' contract by failing to follow the escrow closing instructions; (2) breached its fiduciary duty by misrepresenting the true sales price and other critical information related to the four closings; and (3) that Chicago Title was negligent in failing to follow the closing instructions and failing to exercise reasonable care during the four closings. Furthermore, the FDIC alleges negligent misrepresentation against Chicago Title for providing false information or omitting material information to Founders and vicarious liability against Chicago Title for negligent hiring and

supervision of employees.  According to the FDIC, Chicago Title represented to Founders that certain parties were to be the purchasers of the properties at issue in the four transactions. However, the FDIC alleges that Chicago Title failed to follow the closing instructions and that on the same day of the four closings a second escrow closing for each property occurred at a higher price.  The FDIC alleges that Chicago Title engaged in a classic "flip transaction" in which mortgage brokers, loan officers, or appraisers fraudulently obtain money from lenders by using simultaneous sales at actual value and resales at inflated value.

**Legal Standard**

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), <u>a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face.</u> *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).<u>  This standard is met when the plaintiff pleads factual content that "allows the court to</u> draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing.  *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010).  Accordingly, <u>the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor</u>.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

Chicago Title asks this Court to dismiss the FDIC's breach of fiduciary duty claim as duplicative of plaintiff's negligence and breach of contract claims.  It is well settled that duplicative counts in a complaint may be properly dismissed.  *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010).  A "count may be dismissed as duplicative of another where the parties, claims, facts and requested relief are substantially the same." *Lansing v. Carroll*, No. 11 C 4153, 2012 U.S. Dist. LEXIS 144250, at *2-5 (N.D. Ill. Oct. 5, 2012).  The relevant inquiry is not whether the allegations are the same, but whether the claims are based on the same operative facts and the same injury.  *DeGeer*, 707 F. Supp. 2d at 796.

As an initial matter, the FDIC concedes that its breach of fiduciary duty and negligence claims are duplicative.  (FDIC Resp. Brief, Dkt. 35 at 9).  The FDIC argues, however that it is allowed to plead claims in the alternative.  Indeed, a plaintiff is allowed to plead in the alternative.  Fed. R. Civ. P. 8(d)(2).  However, while the FDIC need not use particular words to plead in the alternative, it must use a formulation from which it can be reasonably inferred that this is what it was doing.  *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000).  Here, the

FDIC's argument that its breach of fiduciary duty and negligence claims are pled in the alternative is made for the first time in its memorandum; however, the amended complaint itself makes no reference to pleading in the alternative. *See Beringer v. Std. Parking O'Hare J.V.*, Nos. 07 C 5027/07 C 5119, 2008 U.S. Dist. LEXIS 91568, at *13-20 (N.D. Ill. Nov. 12, 2008) (finding a failure by plaintiff to plead its breach of fiduciary duty and contract claims in the alternative where such an argument was made for the first time in the plaintiff's memorandum). Consequently, the FDIC's breach of fiduciary duty claim is dismissed, without prejudice, as duplicative of its negligence claim.

Second, Chicago Title argues that Count IV of the FDIC's amended complaint, alleging negligent misrepresentation, should be dismissed as duplicative of its negligence claim. The elements for negligence and negligent misrepresentation are materially different under Illinois law. *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010) (holding that a plaintiff's negligence and negligent misrepresentation claims were not duplicative). Here, in Count III the FDIC alleges that Chicago Title was negligent in failing to follow closing instructions and failing to exercise reasonable care when performing the closings. In Count IV, the FDIC alleges that Chicago Title provided misleading information, failed to disclose material information, and omitted material information in order to induce Founders to fund loans that it would not have otherwise funded. These claims are not based on the same operative facts. Plaintiff's negligence claim is based on an alleged failure to exercise reasonable care while plaintiff's negligent misrepresentation claim is based on misrepresentations or omissions which induced the bank to fund the loans at issue. A plaintiff can pursue different causes of action based on the same set of facts, though they can recover only once for the same injury. *Freedom Mortg. Corp.*, 720 F. Supp. 2d at 992. Accordingly, the FDIC's negligent misrepresentation claim is not duplicative of its negligence claim and Chicago Title's motion to dismiss Count IV is denied.

Lastly, Chicago Title moves to dismiss Count V of the FDIC's amended complaint as duplicative and for failure to state a claim. In Count V the FDIC seeks to hold Chicago Title vicariously liable for actions of alleged agents and employees. Specifically, the FDIC alleges that Chicago Title should be held vicariously liable because it was negligent in hiring and supervising its agents/employees.

In order to state a claim for negligent hiring the FDIC must allege: (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to

create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring; and (3) that this particular unfitness proximately caused the plaintiff's injury. *Freedom Mortg. Corp.,* 720 F. Supp. 2d at 1001. The FDIC alleges that Chicago Title's agents were unfit and provides one example of an employee alleged to have interests adverse to Founders at the time of closing; however, the FDIC fails to allege that any unfitness of employees was known by Chicago Title at the time of hiring. (Compl. at ¶ 155). To state a claim for negligent supervision the FDIC must allege: (1) an employer had a duty to supervise its employees; (2) the employer negligently supervised an employee; and (3) such negligence proximately caused the plaintiff's injuries. *Freedom Mortg. Corp.,* 720 F. Supp. 2d at 100. In its complaint, the FDIC merely states that Chicago Title was required to supervise its employees, that Chicago Title failed to adequately supervise its employees, and that this failure caused the FDIC harm. (Compl. at ¶ 154). The FDIC fails to allege any facts in support of its allegation outside of a formulaic recitation of elements. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a formulaic recitation of the elements of a cause of action is insufficient to survive a motion to dismiss). While courts accept well-pleaded facts in the complaint as true, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Accordingly, Count V of the FDIC's complaint is dismissed without prejudice.

**Conclusion**

Chicago Title's motion to dismiss Counts II, IV, and V of the FDIC's amended complaint is granted in part and denied in part. Count II, alleging breach of fiduciary duty is dismissed without prejudice. Count V, alleging negligent hiring/vicarious liability is dismissed without prejudice. Chicago Title's motion to dismiss Count IV, alleging negligent misrepresentation, is denied.

IT IS SO ORDERED.

_____
Date: March 4, 2013

                                                Sharon Johnson Coleman
                                                United States District Judge