UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Founders Bank, Plaintiff, <br><br> v. <br><br> CHICAGO TITLE INSURANCE COMPANY, CHICAGO TITLE AND TRUST COMPANY, AND JO JO REAL ESTATE ENTERPRISES, LLC, d/b/a PROPERTY VALUATION SERVICES, <br> Defendants. | Case No. 12-cv-5198 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Defendants Chicago Title Insurance Company and Chicago Title and Trust Company (collectively, "Chicago Title") move to dismiss Count V of the Federal Deposit Insurance Corporation's ("FDIC") second amended complaint. For the foregoing reasons, Chicago Title's motion is granted.

**Background**

The FDIC filed its original complaint alleging breach of contract, breach of fiduciary duty, negligence, negligent misrepresentation and vicarious liability for negligent hiring, selection, training, and supervision of employees against Chicago Title and two claims against a separate party on June 29, 2012. Chicago Title moved to dismiss most of the FDIC's claims and the FDIC filed an amended complaint. Chicago Title again moved to dismiss. This Court dismissed Count III as duplicative and Count V, which alleged vicarious liability for negligent hiring, training and supervision of employees, for failure to state a claim. *F.D.I.C. v. Chicago Title Ins. Co.*, 2013 WL 791318 (N.D. Ill. Mar. 4, 2013). The FDIC filed its second amended complaint on March 18, 2013. Chicago Title now moves to dismiss Count V, which alleges

vicarious liability against Chicago Title for negligent retention, training and supervision of employees.

Founders Bank ("Founders"), a non-party to the present action, was a commercial bank with its principal place of business in Worth, Illinois. In 2005 and early 2006, Founders financed the acquisition and construction of four separate properties in Chicago, Illinois. Chicago Title was the escrow agent and provided insurance services for the four transactions. On July 2, 2009 the FDIC was appointed as receiver for Founders.

According to the FDIC, Chicago Title represented to Founders that certain parties were to be the purchasers of the properties at issue in the four transactions. However, the FDIC alleges that Chicago Title failed to follow the closing instructions and that on the same day of the four closings a second escrow closing for each party occurred at a higher price. The FDIC alleges that Chicago Title engaged in a classic "flip transaction" in which mortgage brokers, loan officers or appraisers fraudulently obtain money from lenders by using simultaneous sales at actual value and resales at inflated value.

**Legal Standard**

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A motion to dismiss is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). Accordingly, the court must accept all well-pleaded factual allegations in the complaint as

true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Discussion**

In order to state a claim for negligent retention, the FDIC must allege: (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's retention; and (3) that this particular unfitness proximately caused the plaintiff's injury. *Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, 720 F. Supp. 2d 978, 1001 (N.D. Ill. 2010). The FDIC alleges that one of Chicago Title's employees was unfit and was alleged to have adverse interests to Founders, based on having represented certain parties to the escrow closings in prior real estate transactions. (2d Am. Compl. ¶¶ 128-129, 164, 167). The FDIC alleges that, given these previous representations, Chicago Title's employee had an "incentive to conceal the true nature" of the closings "in order to ensure funding." (2d Am. Compl. ¶¶ 130, 164). Without more, the mere fact of this employee's previous representations does not show that he had an incentive to conceal the true nature of the closings or incentive to ensure funding of the loans. "The Court explained in *Iqbal* that 'the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.' " *Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The FDIC further alleges that Chicago Title knew of the alleged adverse interests prior to the closings or, at the very least, knew after the first of the four closings at issue. (2d Am. Compl. at ¶¶ 129, 165). However, the FDIC fails to allege any facts supporting this conclusory allegation. As discussed in this Court's March 4, 2013 Memorandum Opinion and Order, 2013 WL 791318, while well-pleaded facts in

the complaint are accepted as true, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption. *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011).

To state a claim for negligent training and supervision, the FDIC must allege: (1) that the employer knew or should have known that its employee had a particular unfitness for his position so as to create a danger of harm to third persons; and (2) that the employer's failure to safeguard the plaintiff against this particular unfitness proximately caused the plaintiff's injury. Hasbun v. United States, 2013 WL 1729425 (N.D. Ill. Apr. 22, 2013). Here, the FDIC does not allege the "unfitness" of two of the three employees named in Count V and does not to allege any facts outside of a formulaic recitation that Chicago Title failed to properly train or supervise them. (2d Am. Complaint ¶¶ 127, 163); *see McCauley*, 671 F.3d at 615.

In its second amended complaint, the FDIC fails to allege sufficient facts for negligent retention, training and supervision to plausibly suggest that they have a right to relief above a speculative level. *See Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 677-679.

**Conclusion**

For the foregoing reasons, Chicago Title's motion to dismiss Count V of the FDIC's second amended complaint is granted. Count V of the FDIC's second amended complaint is dismissed with prejudice.

IT IS SO ORDERED.

Date: October 10, 2013

Sharon Johnson Coleman
United States District Judge

4