# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Founders Bank, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 12-cv-05198<br>)<br>) Judge Andrea R. Wood |
| CHICAGO TITLE INSURANCE COMPANY, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Federal Deposit Insurance Corporation ("FDIC"), acting as Receiver for Founders Bank, sued Defendants Chicago Title Insurance Company and Chicago Title and Trust Company (together, "Chicago Title"), asserting claims for breach of contract, breach of fiduciary duty, negligence, and negligent misrepresentation based on Chicago Title's actions as escrow agent for four fraudulent real estate transactions funded by Founders Bank. The case went to trial, at the conclusion of which the jury found Chicago Title liable on all four counts and awarded damages totaling $1,450,000. This Court subsequently granted Chicago Title's motion for a new trial as to the damages awarded for the breach of fiduciary duty, negligence, and negligent misrepresentation claims due to an erroneous jury instruction regarding whether Chicago Title's conduct was willful and wanton. The FDIC now moves for partial judgment on the pleadings, arguing that there is no need for the jury to make a willful-and-wanton finding on the breach of fiduciary duty claim because comparative negligence does not provide a defense to that claim. (Dkt. No. 498.) For the reasons that follow, the FDIC's motion is granted.

**BACKGROUND**

At the conclusion of the trial in this matter, the jury found Chicago Title liable on all four counts. As to the breach of fiduciary duty, negligence, and negligent misrepresentation claims, the jury further found that Founders Bank had been contributorily negligent and the FDIC's damages should be reduced by 50%. But the jury went on to conclude that Chicago Title's conduct was willful and wanton thereby effectively nullifying the reduction in damages based on comparative fault. Before making that finding, the jury was instructed that willful and wanton conduct includes both reckless and intentional conduct. In Illinois, however, only intentionally willful and wanton conduct negates a comparative fault reduction. The verdict form did not allow the jury to specify whether it found Chicago Title's conduct to have been intentionally willful and wanton, as opposed to recklessly willful and wanton, and so the verdict was silent on that question. For that reason, this Court granted Chicago Title a new trial to allow a jury to determine whether Chicago Title's conduct was intentionally willful and wanton.

In its decision granting Chicago Title's motion for a new trial, the Court expressed doubt as to whether the defense of contributory negligence applies to a breach of fiduciary duty claim under Illinois law. The FDIC has now moved for judgment on the pleadings as to that issue. If the FDIC is correct that comparative fault is inapplicable to a breach of fiduciary duty claim, any new trial would not involve that claim or the negligence claim.[1]

**DISCUSSION**

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the filing of the complaint and answer. *See* Fed. R. Civ. P. 12(c); *Supreme*

---

[1] The FDIC's negligence claim was brought in the alternative to the breach of fiduciary duty claim. By prevailing on the breach of fiduciary duty claim, the FDIC may not recover on a negligence theory. Thus, the question of whether Chicago Title's conduct was intentionally willful and wanton with respect to the negligence claim is moot.

*Laundry Serv., LLC v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). A Rule 12(c) motion is governed by the same standards as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). Thus, the Court must take all well-pleaded allegations as true and draw all reasonable inferences in the non-moving party's favor. *Id.* "[T]he motion must only be granted when it appears beyond doubt that the opposing party cannot prove any facts that would support [its] claim for relief." *River Vill. West LLC v. Peoples Gas Light & Coke Co.*, 618 F. Supp. 2d 847, 850 (N.D. Ill. 2008) (internal quotation marks omitted).

A party may move for judgment on the pleadings any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Here, the FDIC has filed its motion for judgment on the pleadings after the conclusion of the first trial in an effort to narrow the issues before a possible second trial and sufficiently in advance of the second trial to avoid any risk of delay. Moreover, with its motion, the FDIC does not seek to challenge any factual determination made by the jury in the first trial. And in any case, Chicago Title has not objected to the FDIC raising and the Court resolving the legal issue of whether a plaintiff's contributory negligence provides a defense to a breach of fiduciary duty claim on a motion for judgment on the pleadings at this late stage in the proceedings. Thus, while the timing of the FDIC's motion might not be typical, the Court deems is consistent with the rules and will proceed to address the merits of the motion.

Illinois law recognizes both statutory and common-law doctrines of comparative negligence. Neither party contends that Illinois's comparative fault statute governs the apportionment of fault here, as that statute applies only to actions involving "death, bodily injury or physical damage to property." 735 ILCS 5/2-1116(c). By contrast, the common-law defense of

3

contributory negligence applies to "tort actions for recovery of economic loss." *Bd. of Trs. of Cmty. Coll. Dist. No. 508 v. Coopers & Lybrand*, 803 N.E.2d 460, 465 (Ill. 2003). Given that the FDIC seeks to recover for economic loss, only the common law defense potentially applies here.

A claim for breach of fiduciary duty has similar elements as those for a standard tort claim. To state a claim, a plaintiff must show that "a fiduciary duty exists, that the fiduciary duty was breached, and that such breach proximately caused the injury of which the plaintiff complains." *Neade v. Portes*, 739 N.E.2d 496, 502 (Ill. 2000). Yet, in Illinois, a claim for breach of fiduciary duty is not treated as a tort claim. *Kinzer v. City of Chicago*, 539 N.E.2d 1216, 1220 (Ill. 1989). Rather, Illinois courts regard "breach of fiduciary duty as controlled by the substantive laws of agency, contract, and equity." *Id.* (citations omitted); *see also Wolinsky v. Kadison*, 987 N.E.2d 971, 991 (Ill. App. Ct. 2013) ("[O]ur supreme court rejected the Restatement's view that an action for breach of fiduciary duty is a tort; instead, a claim for breach of fiduciary duty is controlled by the substantive laws of agency, contract and equity.").

As far as this Court can tell, no Illinois court has addressed the specific question of whether the tort defense of comparative negligence applies to a breach of fiduciary duty claim. This Court, however, concludes that if the Illinois Supreme Court were to address the issue it would hold that comparative negligence is not a defense to breach of fiduciary duty. *See Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) (explaining that the "task of the federal court sitting in diversity is to ascertain the substantive content of state law as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now" and instructing courts to "give great weight to the holdings of the state's intermediate appellate courts" in the absence of definitive authority from its highest court). Indeed, the Illinois Appellate Court previously has stated that when a breach of fiduciary duty has

4

been proven, "the wrongdoer is liable for the entire amount of the loss occasioned by his act." *Toro Petroleum Corp. v. Newell*, 338 N.E.2d 491, 496 (Ill. App. Ct. 1974).[2] That makes sense given that the fiduciary relationship is characterized by the "trust and confidence" accorded to the fiduciary and the position of "influence and superiority" the fiduciary obtains by virtue of that relationship. *Tully v. McLean*, 948 N.E.2d 714, 739 (Ill. App. Ct. 2011). Absolving a fiduciary of fault, in whole or in part, on the basis of another party's negligence would be inconsistent with the relationship giving rise to a fiduciary's duty. *Cf. Bear Med. v. United States*, 192 F. Supp. 2d 1053, 1068 (D. Mont. 2002) ("The purpose of a fiduciary relationship would be completely undermined if a beneficiary's negligent conduct could be used by the fiduciary as a defense against the person he is supposed to protect . . . .").

Compare the fiduciary relationship to that of tortfeasor and his victim in an ordinary negligence claim, where both the tortfeasor and the injured party have the same general duty to exercise ordinary care. *See Dunn v. Balt. & Ohio R.R. Co.*, 537 N.E.2d 738, 745 (Ill. 1989). While a fiduciary owes a duty of reasonable care, its duty also "encompasses the obligations of fidelity, honesty, and good faith." *Pippen v. Pedersen & Houpt*, 986 N.E.2d 697, 704 (Ill. App. Ct. 2013); *see also Neade*, 739 N.E.2d at 500 ("A fiduciary relationship imposes a general duty on the fiduciary to refrain from seeking a selfish benefit during the relationship." (internal quotation marks omitted)). Thus, there is an asymmetry of duties between a fiduciary and the beneficiary. By assuming the status of fiduciary, the fiduciary assumes a heightened responsibility to protect the beneficiary's interests and is therefore wholly responsible for any losses caused by any breach of its fiduciary duty.

---

[2] *Toro* was heard by a trial court sitting in equity and the Illinois Appellate Court was not considering the applicability of any affirmative defense but rather the trial court's equitable reduction of the plaintiff's recovery due to the plaintiff's "colossal negligence and stupidity." *See Toro*, 338 N.E.2d at 495.

5

Chicago Title contends that comparative negligence applies here because, as an escrow agent, its fiduciary duties are limited and owed to all parties to the escrow. It is well-settled in Illinois that an escrow agent owes a fiduciary duty "both to the party making the deposit and the party for whose benefit it is made." *Int'l Capital Corp. v. Moyer*, 806 N.E.2d 1166, 1172 (Ill. App. Ct. 2004). "Under this analysis, the [escrow agent] owes a duty to act only in accordance with the escrow instructions." *Id.* But as Chicago Title recognizes, because the parties to an escrow agreement have conflicting interests, an escrow agent must be impartial toward all parties. *See Wells Fargo Bank Minn., N.A. v. Envirobusiness, Inc.*, 22 N.E.3d 125, 135 (Ill. App. Ct. 2014). That responsibility only heightens the escrow agent's obligation as a fiduciary not only to act with reasonable care in carrying out the duties prescribed by the escrow agreement, but also to do so with fidelity, honesty, and good faith necessary to uphold its obligation to remain impartial. *See McBride v. Commercial Bank of Champaign*, 428 N.E.2d 739, 742 (Ill. App. Ct. 1981) ("The fact that it was faced with conflicting instructions and demands did not give the [escrow agent] the right to favor one party over the other, but rather placed the [agent] upon notice that in obeying the instructions of one and disregarding those of the other, it acted at its peril.").

In short, because breach of fiduciary duty is not a tort and a fiduciary occupies a position of trust and superiority relative to the party owed the fiduciary duty, this Court concludes that Illinois courts would not recognize comparative negligence as a defense to a breach of fiduciary duty claim. Consequently, Chicago Title cannot seek a comparative negligence reduction to the damages resulting from its breach of fiduciary duty.

## CONCLUSION

For the foregoing reasons, the FDIC's motion for partial judgment on the pleadings (Dkt. No. 498) is granted. Upon finding for each of the four subject transactions that Chicago Title breached its fiduciary duty to Founders Bank, there was no need for the jury to consider the defense of contributory negligence, including whether Chicago Title's conduct was willful and wanton. Accordingly, a new trial is not warranted on the question of whether Chicago Title's breach of fiduciary duty was willful and wanton.

ENTERED:

Dated: December 3, 2019

_____
Andrea R. Wood
United States District Judge